FILED
SUPERIOR COURT
OF GUAM

2023 SEP -7 PM 4:41

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | ) **Criminal Case No. CF0218-20** |
| | ) GPD Report Nos. 20-10792 / 20-10780 |
| | ) **Criminal Case No. CF0504-19** |
| Plaintiff, | ) GPD Report Nos. 19-25920 / 20-26083 |
| | ) **Criminal Case No. CF0401-19** |
| v. | ) GPD Report Nos. 19-18383 / 19-19901 |
| | ) |
| | ) |
| **JORDAN MICHAEL BABAUTA,** | ) **DECISION AND ORDER** |
| DOB: 03/15/1991 or 03/15/1993 | ) **GRANTING REVOCATION OF** |
| | ) **PROBATION** |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 10, 2023 for hearing on the People of Guam's ("the People's") Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People were represented by Assistant Attorney General Kristine Borja. Jordan Michael Babauta ("Defendant") was represented by Sam Teker of the Private Attorney Panel. Having duly considered the Parties' arguments and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

In September 2022, Defendant plead guilty to Criminal Mischief (as a 3rd Degree Felony), Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony), and Theft (as a 3rd Degree Felony). See Judgment of Conviction (Oct. 31, 2022). A judgment was entered imposing the following relevant conditions of probation:

- LAWS: Defendant shall obey all federal and local laws of Guam.

- MANDATORY REPORTING: Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- COUNSELING/TREATMENT: Defendant shall report to the Adult Probation Office for an intake and a drug and alcohol assessment. If referred to the Guam Behavioral Health and Wellness Center (GBWHC), Defendant shall follow all treatment plans as may be recommended by the drug and alcohol assessment counselor.

- COUNSELING/TREATMENT: Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- COUNSELING/TREATMENT: Defendant shall attend two (2) recovery support group meetings per week, for twelve (12) weeks after the taking of his plea, for a total of twenty-four (24) meetings, or as otherwise ordered by the Court.

- COUNSELING/TREATMENT: Defendant shall attend and successfully complete the Theft Prevention Program recommended by the Court, and shall pay the fee for the program.

- FINE: Defendant shall pay a fine of seven thousand dollars ($7,000.00) plus court costs of eighty dollars ($80.00).

- COMMUNITY SERVICE: Defendant shall complete one hundred fifty (150) hours of community service.

Id.

In November 2022, a violation report was filed, indicating that Defendant had been arrested and indicted in two new felony cases. See Amended 1st Violation Report (Nov. 17, 2022). In CF0678-22, Defendant faces newly acquired charges of Theft of a Motor Vehicle (as a 2nd Degree Felony) and Unauthorized Use of a Motor Vehicle (as a Misdemeanor). Id. In CF0679-22, Defendant faces newly acquired charges of Second Degree Robbery (as a 2nd Degree Felony), Third Degree Robbery (as a 3rd Degree Felony), Aggravated Assault (as a 3rd Degree Felony), and Assault (as a Misdemeanor). Id. It was also made known that Defendant had not been reporting to the Probation Office as required. Id.

In January 2023, another violation report was filed, indicating that Defendant still hadn't been reporting to the Adult Probation Office as required. See 2nd Violation Report (Jan. 18, 2023). In fact, Defendant hadn't reported to the Probation Office for several months at that point. Id.

In February 2023, another violation report was filed, indicating that Defendant had been arrested and indicted on new criminal charges. See 3rd Violation Report (Feb. 6, 2023). In CF0085-23, Defendant faces newly acquired charges of Armed Carjacking (as a 1st Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, Second Degree Robbery (as a 2nd Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, Theft of a Motor Vehicle (as a 2nd Degree Felony), and Aggravated Assault (as a 3rd Degree Felony). Id.

In May 2023, another violation report was filed, again indicating that Defendant was arrested and indicted on new criminal charges. See 4th Violation Report (May 10, 2023). In CF0329-23, Defendant faces a newly acquired charge of Assault on a Peace Officer (as a 3rd

Degree Felony). Id. It was also made known that Defendant had not been reporting to the Probation Office as required. Id.

In August 2023, another violation report was filed. See 5th Violation Report (Aug. 3, 2023). This report indicates that Defendant hadn't reported to GBHWC or CSFC for his required intake appointments, hadn't attended his required recovery support meetings, hadn't attended his required Theft Prevention Program, hadn't been reporting to the Probation Office as required, hadn't paid off his fine, and hadn't completed his required community service hours. Id. The report also indicates that Defendant was again arrested and indicted on new charges. Id. In CF0458-23, Defendant faces newly acquired charges of Aggravated Murder (as a 1st Degree Felony) and Guilt by Complicity (as a Felony). Id.

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The violation reports indicate that Defendant violated over a half-dozen of his probation conditions. Defendant's culpable conduct includes repeatedly failing to report to the Adult Probation Office, failing to attend several of his counseling programs, and failing to make progress on both paying off his fines and completing his required community service hours. Defendant was also indicted in five new felony cases since entering probation, many of which are violent in nature.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant has been indicted in five new felony cases since entering probation, and faces eleven new felony charges.

Many of these charges are extremely serious and violent in nature, including charges of Aggravated Murder (as a 1st Degree Felony) and Armed Carjacking (as a 1st Degree Felony). Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** Jordan Michael Babauta's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to five (5) years incarceration at the Department of Corrections, Mangilao, with credit for time served. This period of incarceration shall run consecutive to any other incarceration Defendant serves. After the completion of the Defendant's sentence the Court shall close these cases.

**IT IS SO ORDERED** on this  September 7, 2023 .



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**